■    CHARLES G. ROSE, Respondent, v GUSTAV EICHHORST et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: Respondents-appellants appeal from a judgment in a summary dispossess proceeding which awarded petitioner possession of 6.2 acres of land and a residence situated thereon on Valentown Road, Town of Victor, Ontario County. Petitioner alleges that prior to July 12, 1972 respondents were owners in fee of real property consisting of a house and 6.2 acres of land on the northerly side of Valentown Road, Town of Victor, County of Ontario. On July 12, 1972 tax sale certificates were sold by the County of Ontario for unpaid taxes levied on the property for the years 1970 and 1971. Petitioner's son, Robert Rose, purchased the 1970 and 1971 taxes from the county treasurer and assigned his tax sale certificates on March 22, 1973 to petitioner. On July 15, 1975, three years subsequent to the county tax sale, the county treasurer executed a tax deed for the premises to petitioner. On August 8, 1975 a notice to quit the premises was served on respondents 10 days before the date set in the notice, and respondents failed to quit the premises. The sole issue raised by respondents-appellants upon the instant appeal concerns a violation of subdivision (1) of section 801 of the General Municipal Law: "Conflicts of interest prohibited * * * (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or

employee who has any of the powers or duties set forth above". In a separate affirmative defense to the petition, respondents-appellants assert that petitioner is a Town Justice in the Town of Victor and that at all times relevant to the purchase of the tax certificates and the delivery and recording of the tax deed petitioner was a member of the Town Board of the Town of Victor. It does not appear anywhere in articles 9 through 11 of the Real Property Tax Law that the town board has any authority with relation to the collection and enforcement of delinquent taxes. The only function performed by a town officer is the ministerial one having to do with the collection of taxes by the town tax collector. The county, after receiving the assessment roll from the town, determines the total tax for county, town and special tax districts and the tax warrant is then signed by the chairman of the board of supervisors and the clerk and returned to the town tax collector. The taxes are collected pursuant to the county tax warrant and out of the proceeds the town supervisor is paid by the collector the entire amount levied for the town budget, irrespective of whether all of the total town and county taxes assessed and levied against individual property owners is collected. The remainder is returned to the county treasurer along with the roll of unpaid taxes. Not only does the town play no part in the procedure for enforcing the collection of delinquent taxes, but under the provisions of section 904 it has no interest in their enforcement, since it already has been allocated the entire amount of its budget. The county must find its revenues either through collection of its delinquent taxes or from other sources to make up the difference between the budgeted amount for the town and the amount actually collected by the tax collector. Section 1000 *et seq.* of article 10 makes provision for the sale of the property by the county to enforce the collection of delinquent taxes and it was pursuant to article 10 that the property, the subject of the instant proceeding, was sold. The structure of the Real Property Tax Law and the Town Law is such that petitioner was at all times dealing with the County of Ontario with respect to the purchase of the delinquent tax certificates relating to the property of respondents-appellants, and the subsequent execution by the county and receipt by petitioner of a tax deed after the redemption period had expired. Since the only issue raised on this appeal deals with the asserted violation of section 801 of the General Municipal Law and no violation exists, the judgment is affirmed. (Appeal from judgment of Ontario County Court—Real Property Actions and Proceedings Law, art 7.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.